■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE MICHAEL HARTY, Appellant.— In a *coram nobis* proceeding to vacate a judgment of conviction rendered by the County Court, Suffolk County, on December 11, 1957, upon defendant's guilty plea, he appeals from an order of the same court, entered November 9, 1970, which denied the application after a hearing. Order reversed, in the interests of justice, and new hearing granted. The ground upon which the proceeding was based is that defendant was entitled to be resentenced, pursuant to the ruling in *People* v. *Montgomery* (24 N Y 2d 130). At the hearing, which took place prior to the decision of the Court of Appeals in *People* v. *Saunders* (28 N Y 2d 196), the County Court found that defendant had not been informed of his right to appeal from his 1957 conviction, which was for murder in the second degree, upon three counts, but denied the application on the ground that the evidence adduced at the hearing did not tend to prove that defendant would have appealed had he known of such right. *People* v. *Saunders* (*supra*) established that a defendant has a right to be resentenced, for the purpose of taking an appeal from the judgment of conviction, in plea cases when the error claimed is excessiveness of sentence or violation of defendant's rights with respect to search and seizure and involuntary confessions or admissions. Defendant contends that the errors which he would have raised

on appeal fall within these very areas and that he would have raised them at the hearing had he known that they constituted grounds for resentencing. In the interests of justice, we think that a new hearing should be conducted to determine the viability of defendant's claims. Martuscello, Acting P. J., Latham, Shapiro and Christ, JJ., concur.